UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE HARRISON,

        Petitioner,

v.                                    Case No: 2:16-cv-604-FtM-38UAM

FLORIDA ATTORNEY GENERAL
and SECRETARY, DOC,

        Respondents.
_____/

## OPINION AND ORDER[1]

Petitioner, Willie Harrison ("Petitioner"), initiated this action by constructively filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1, "Petition") on July 28, 2016.[2] Petitioner submitted a Memorandum of Law (Doc. 2, "Memorandum") and Appendix consisting of three exhibits (Doc. 3, "Ex. 1-3") in support of his Petition. Petitioner is confined within the Florida Department of Corrections and attacks his December 15, 1994 conviction and sentence entered by the Twentieth Judicial Circuit Court in Lee County, Florida for three counts of capital sexual battery in case number 94-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court deems the Petition (Doc. 1) as constructively filed under the "mailbox rule" on the date Petitioner certifies he placed the Petition in the hands of prison officials for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The Court likewise applies the "mailbox rule" to Petitioner's state court pleadings.

1130-CF-1A. (*Id.* at 1). The Petition raises one ground for relief: trial counsel was constitutionally ineffective for failing to investigate and call several witnesses, including his employer, to support Petitioners' alibi defense. (*Id.* at 6). The Court ordered Respondent, the Secretary of the Florida Department of Corrections,[3] to show cause why the relief sought in the Petition should not be granted (Doc. 17). Respondent filed a Limited Response which incorporated a motion to dismiss the Petition as time-barred (Doc. 18). Respondent submitted exhibits in support of its Limited Response (Doc. 19, "Ex. 1-13"). Petitioner filed a reply to the Limited Response (Doc. 20). Based upon a careful review of the pleadings and record, the Court finds that the Petition is subject to dismissal a time-barred.

## BACKGROUND AND PROCEDURAL HISTORY

On December 15, 1994, a jury found Petitioner guilty of three counts of capital sexual battery. (Ex. 1)[4]. On January 30, 1994, Petitioner was sentenced to life in prison. (Ex. 2). On July 26, 1996, Petitioner's convictions and sentences were affirmed on appeal. (Ex. 3). On September 11, 1996, Petitioner's timely motion for rehearing was denied. Petitioner did not petition the United States Supreme Court for certiorari review.

On March 11, 1997, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. 5). Petitioner alleged three grounds for

---

[3] When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (citations omitted). Here, Petitioner was committed to the custody of the Florida Department of Corrections. Ex. 1. Consequently, the proper named respondent is the Secretary of the Florida Department of Corrections.

[4] The volumes and exhibits referenced in this case are to the paper exhibits electronically filed by Respondent on August 17, 2017. (Doc. 19).

relief in his Rule 3.850 motion, including that trial counsel rendered ineffective assistance by failing to investigate and call various witnesses, including his employer. (*Id.*). The post-conviction court granted Petitioner an evidentiary hearing.[5] (Ex. 6). After the evidentiary hearing, the state postconviction court denied the motion. (Ex. 7). The appellate court *per curiam* affirmed (Ex. 8) and mandate issued on June 26, 2000. (Ex. 9).

On August 16, 2001, Petitioner filed a second rule 3.850 motion alleging actual innocence based on newly discovered evidence. (Ex. 10). Specifically Petitioner sought DNA testing to prove another individual committed the crimes and he submitted affidavits of two women that allegedly impeached the victim's mother's testimony. (*Id.*). The postconviction court summarily denied Petitioner's second Rule 3.850 motion (Ex. 11), and the appellate court affirmed. (Ex. 12). Mandate issued on August 13, 2002. (Ex. 13). As noted above, Petitioner constructive fie this Petition on July 28, 2016.

## ANALYSIS

I. Petitioner's 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[6] a one-year period of

---

[5] Defense counsel testified that she did telephone Petitioner's employer but elected not to call him because Petitioner was being paid "under the table," she thought the employer "would be a weak witness for the defense," and she was pursuing a different line of defense that showed Petitioner was never alone with the victim. (Ex. 7 at ¶ 10).

[6] As noted *infra*, Petitioner's conviction was final on December 10, 1996, **Error! Main Document Only.**which was <u>after</u> the April 24, 1996, effective date of the AEDPA. Consequently, AEDPA governs this Petition.

3

limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. §§ 2244(d)(1)(A).

> II. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Petitioner's convictions and sentence became final on December 10, 1996, ninety days after the denial of rehearing on direct appeal. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (where petitioner elects not to seek direct review by the Supreme Court his judgment is not considered final until the time for seeking such review expires); *Rules of the Supreme Court of the United States*, R. 13(3) (time runs from date of entry of order not mandate, but if timely rehearing sought runs from denial of rehearing).

4

Consequently, the federal limitations period commenced on December 11, 1996 and expired one year later on December 11, 1997, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (*citing Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" *Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 (11th Cir. 2017) (citations omitted); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Here, ninety-one (91) days of un-tolled time elapsed on the federal clock before Petitioner filed his first post-conviction motion, a Rule 3.850 motion, on March 11, 1997. The federal limitations period was tolled until June 26, 2000, when mandate issued on the appeal of the denial of the motion. *Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 633 (11th Cir. 2017) ("In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion."). Thus, Petitioner had 274 days remaining on the federal clock, or until Tuesday, March 27, 2000 to file his Petition.

Petitioner's second Rule 3.850 motion filed on August 16, 2001, was filed after Petitioner's AEDPA period had lapsed and do not toll the AEDPA limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled); *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012)(for section 2244(d)(2) tolling to apply the petitioner must file the collateral motion before the one-year period has run). Because Petitioner is not entitled to further statutory tolling, the instant Petition was filed 5,967 days (or 16 years, 4 months, and 1 day) after the federal limitations period had expired.

### III. Petitioner is not entitled to equitable tolling

The Supreme Court has recognized that the period specified in 28 U.S.C. § 2244 "is a statute of limitations, not a jurisdictional bar," and thus, a petitioner may be entitled to "equitable tolling in an appropriate case." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). To be entitled to equitable tolling a petitioner must show that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649(internal quotation marks omitted). The assessment of equitable tolling is made "on a case-by-case" basis, considering "specific circumstances" and "decisions made in similar cases for guidance." *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012). Because equitable tolling is an extraordinary remedy, it is "limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) *(*internal quotation marks omitted).

Petitioner argues that "[t]o the extent Petitioner's claim(s) are procedurally barred," *Martinez v. Ryan*, 566 U.S. 1 (2012) or the "fundamental miscarriage of justice standard announced in *Coleman v. Thompson*, 501 U.S. 722 (1991)" applies. Doc. 2 at 5. Petitioner asserts that had counsel investigated and called his employer the jury would have heard testimony that he "worked all the time" and thus, "had no opportunity to commit the offense." (*Id.* at 6). Petitioner acknowledges that he "has no such evidence" of actual innocence but asks that the Court consider that he has "diligently asserted his evidence" and argues that another individual who is also African-American and named Willie "had access to the victim and had the physical attributes" described by the victim. (Doc. 20 at 2-3).

First, the Court finds the Petition is untimely, not that the claim he raises is procedurally defaulted. Consequently, *Martinez* does not apply in this case. Further, the Eleventh Circuit has expressly "rejected the notion that anything in *Martinez* provides a basis for equitably tolling the filing deadline." *Chavez v. Sec'y, Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014) (citation omitted); *see also Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014). Consequently, *Martinez* is not applicable to the instant Petition.

Petitioner's invocation of the "miscarriage of justice" exception suffers a similar fate. Although actual innocence, if proven, can permit a court to consider an otherwise untimely habeas petition, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), it requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp v. Delo*, 513 U.S. 298 (1995). To prevail on a claim of actual innocence, a petitioner must put forth "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

7

physical evidence—that was not presented at trial." *Id*. at 330. To the extent that Petitioner points to his former employer's testimony in support of his alibi, such testimony is not "new" as Petitioner himself concedes that he was aware that his employer could provide such testimony at the time of trial and indeed alleged an ineffective assistance of counsel claim predicated upon trial counsel's failure to call his employer as a witness at trial. (Doc. 2 at ¶ 3). Consequently, the proffered testimony of his employer is not "new evidence" to warrant application of the miscarriage of justice exception.

Alternatively, Petitioner suggests that the April 1, 2008 affidavit from his employer that is attached to his Memorandum constitutes "newly discovered evidence." (*Id*. at ¶ 8). Petitioner argues that the affidavit disputes the testimony given by trial counsel at the evidentiary hearing that she had contacted his former employer and rejected him as a potential alibi witness because he was not able to provide enough information for the time frames (between August 1, 1993 and September 5, 1993 and between December 25, 1993 and April 2, 1994) alleged in the information. (*Id*. at 5). Petitioner suggests that the affidavit "establishes that Ms. Dramko committed fraud on the Court by testifying that she did interview [Petitioner's former employer]." (*Id*. at 6.) The affidavit of Petitioner's former employer states that he recalled being "contacted by a court appointed counsel in regard" to Petitioner's case and that he supplied "payroll records as to what days [Petitioner] had worked for [him]." (Doc. 3 at 4). The employer further stated that did not "remember" ever being contacted by Attorney Dramko's office, Petitioner's court appointed counsel. (*Id*.). Whatever its significance, the affidavit does not constitute exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at

time of trial.[7]  The Court finds Petitioner fails to point to new evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found Petitioner guilty beyond a reasonable doubt.

Based on the foregoing, the Court concludes that Petitioner is not entitled to statutory or equitable tolling.  As a result, the Petition is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004), or that "the issues presented were adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is hereby

ORDERED:

---

[7] Petitioner provides no explanation as to why his former employer was not called as a witness at his evidentiary hearing.

9

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE as time-barred**.

2. Petitioner is **DENIED a Certificate of Appealability**. To the extent Petitioner wishes to appeal and cannot afford the filing fee, he must file his application to proceed *in forma pauperis* on appeal to the United States Court of Appeals for the Eleventh Circuit.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of June 2019.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record